Filed 1/14/15  P. v. Reed CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C075227 |
| Plaintiff and Respondent, | (Super. Ct. No. 62112428) |
| v. | |
| KEVIN ANDREW CHARLES REED, | |
| Defendant and Appellant. | |

Defendant Kevin Andrew Charles Reed was the father of a teenage daughter (the victim) whom he molested from the time she was 15 in 2009 until she was 17 in 2011. The molests began when the victim confided in defendant that she was nervous about her first kiss with her boyfriend, and defendant made her French kiss him instead.  The molests progressed to them kissing hundreds of times, the victim masturbating him once a week between January 2010 and summer 2010, and the victim orally copulating him once a week between summer 2010 and fall 2011.  There were also four more specific incidents of molest:  (1) in December 2009, defendant made the victim touch his penis

1

before buying pajamas for her; (2) in January 2010, defendant made her touch his penis before allowing her to see a movie; (3) in February 2010, defendant made her touch him to "get off grounding" and get her cell phone back for mistakenly reading a weather report (that incorrectly stated it was not snowing) before they went on a trip to Nevada; and (4) around Thanksgiving 2011, defendant made the victim "suck" his penis before she could visit her sick boyfriend. A few weeks later, the victim told a girlfriend about the molests, the girlfriend's mother called police, and defendant was arrested.

Defendant testified at trial and denied molesting the victim. Defendant's teenage niece also testified. According to the niece, defendant and the victim had a normal father-daughter relationship. The niece did see defendant pat the victim on her rear end, and defendant had done that to her, too. The niece was "[a]bsolutely not" offended by the pat, and it was done "in a way as if to congratulate [her]." When she saw defendant pat the victim on her rear end, it was a "similar type of pat."

A jury found defendant guilty of 11 lewd acts on a child and 15 acts of oral copulation, and the trial court sentenced him to 19 years and eight months in prison.

Defendant appeals, contending the trial court erred in: (1) failing to sua sponte instruct on the lesser included offenses of attempted lewd acts and attempted oral copulation; and (2) denying his motion for new trial because his counsel was ineffective. Disagreeing, we affirm.

DISCUSSION

I

*The Trial Court Properly Did Not Instruct On The Lesser Included Offenses Of*

*Attempted Lewd Acts And Attempted Oral Copulation*

Defendant contends the trial court erred in failing to sua sponte instruct on the lesser included offenses of attempted lewd acts and attempted oral copulation. His reasoning is as follows: Leaving aside four counts that were based on specific testimony, the remaining sex acts were based on the generic testimony that the victim

2

masturbated him once a week, she orally copulated him once a week, and they kissed hundreds of times. But the victim also testified there were times when defendant would initiate sexual contact, and she would "stand up for [her]self," or defendant would initiate sexual contact in her bedroom, and she stopped him by telling him that her bedroom was her "sanctuary." Defendant therefore argues that "a reasonable juror could have concluded that . . . no completed sex act occurred and that only an attempted sexual act occurred."

The problem with defendant's argument is that the court is required to instruct on lesser included offenses only when there is substantial evidence the jury could conclude that the lesser offense, but not the greater, was committed (*People v. Breverman* (1998) 19 Cal.4th 142, 162), and here there was no evidence that, *as to the charged acts*, only the lesser and not the greater offense was committed. We explain. As to the generic acts, the victim testified that defendant perpetrated these acts either once a week over specific time periods or hundreds of times. From this testimony, the jury found defendant guilty of eight lewd acts and 14 acts of oral copulation. There was no evidence that these acts were not committed because the victim persuaded defendant to back off. Rather, the evidence was that defendant attempted to commit *additional* lewd acts on the victim and *additional* oral copulations with the victim and that she successfully fended those off. So, potentially there were *uncharged* attempted lewd acts and *uncharged* attempted oral copulations but no evidence that as to the *charged* offenses, only attempts were made instead of the completed offenses. Therefore, there was no reason the court had to instruct on lesser included offenses as to the charged crimes.

II

*Defense Counsel Was Not Ineffective, So The Trial Court Did Not*

*Abuse Its Discretion In Denying Defendant's New Trial Motion*

Defendant contends the trial court erred in denying his motion for new trial because his counsel was ineffective in two instances: (1) counsel failed to introduce

3

evidence of defendant's low testosterone level; and (2) counsel failed to object to the niece's testimony that defendant would pat her on the rear end. As we will explain, we find no abuse of discretion. (See *People v. Fosselman* (1983) 33 Cal.3d 572, 582 [ineffective assistance of counsel is a permissible nonstatutory ground on which to bring a new trial motion]; *People v. Thompson* (2010) 49 Cal.4th 79, 140 [a trial court's ruling on a motion for a new trial is reviewed under a deferential abuse-of-discretion standard].)

As to defendant patting the niece on her rear end, defense counsel elicited on cross-examination that the niece was "[a]bsolutely not" offended by the pat and it was done "in a way as if to congratulate [her]." When she saw defendant pat the victim on her rear end, it was a "similar type of pat." Counsel's performance was not deficient because his reasonable tactic was to show there was no sexual connotation to defendant's behavior. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687, 689 [80 L.Ed.2d 674, 693, 694] [deficient performance is the first prong of an ineffective assistance of counsel claim, and second-guessing of trial counsel's strategy is impermissible under the deferential review of counsel's trial tactics that we undertake on a claim of ineffective assistance].)

As to the evidence defendant had a low testosterone level, the utility of any evidence supporting this[1] was speculative at best for two reasons. One, there was no evidence that linked defendant's low testosterone level to any type of sexual drive, let alone a criminal desire to molest a minor. Thus, there was no evidence that, in appellate counsel's words, this evidence (even if admissible) would have "caused the jurors to question whether [defendant] had the interest in having sexual relations with [the victim]

---

[1] The evidence of defendant's low testosterone levels was a medical report (attached to defendant's reply to the People's opposition to defendant's motion for new trial) that stated that on December 28, 2012, defendant had a testosterone "total" of "180 L" and stated that the "reference range" was "241-827."

in the first place." Two, the test was administered one year after the last charged offense. There was no evidence of defendant's testosterone level at the times of the molests, so the trial court could have reasonably excluded the test as irrelevant. Defendant therefore cannot prove that his counsel was deficient for failing to introduce a speculative test with no demonstrated link to the charged crimes.

For these reasons, the trial court did not abuse its discretion in denying the new trial motion.

DISPOSITION

The judgment is affirmed.


      ROBIE      , J.


We concur:


      HULL      , Acting P. J.


      MAURO      , J.